Mr. Barry Emigh 1720 Arrowhead, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
This is in response to your request, pursuant to A.C.A. § 7-9-107 (Repl. 1993), for certification of the following popular name and ballot title for a proposed initiated act:
 POPULAR NAME PROVIDE THE DEFENSE ATTORNEY'S OFFICE WITH A WAGE ON THE USE OF JAIL INMATE LABOR
 BALLOT TITLE AN ACT TO AMEND ACT 309 OF 1983 AS AMENDED TO PROVIDE THE STATE, COUNTY, AND LOCAL DEFENSE ATTORNEY'S OFFICE WITH FIFTY PERCENT OF THE FEDERAL MINIMUM WAGE ON THE USE OF INCARCERATED INMATE LABOR BY THE STATE, COUNTIES, AND LOCAL AUTHORITIES UNDER THE PROVISIONS OF THE WORK RELEASE PROGRAM
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to approve and certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed act. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed act that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed act, as well as your proposed popular name and ballot title, under the above precepts, it is my conclusion that I must reject both your proposed popular name and ballot title due to several ambiguities in the text of your proposed measure. There are a number of additions or changes to your popular name and ballot title which in my view are necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of these ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title and popular name under A.C.A. § 7-9-107
(b).
The following ambiguities must be clarified in your measure before I can perform my statutory duty:
 1. Although the proposed ballot title states that this initiated act will "amend Act 309 of 1983 . . .", the actual text of the initiative does not specifically amend Act 309; nor is it clear from the language of the proposed measure what amendment(s) are intended. As noted above, the ballot title and popular name must convey an intelligible idea of the scope and significance of a proposed change in the law. Because I am uncertain as to the exact nature and extent of any amendments to Act 309, however, I am unable to substitute a ballot title or popular name for those proposed. The amendments must, in my judgment, be clearly stated for proper reflection in the ballot title and popular name.
 2. An additional ambiguity arises from the language of subsections (a) through (d) of Section 1 regarding the "state's defense attorney's office," the "county defense attorney's office," and the "local defense attorney's office." I am uncertain what this language refers to. It is unclear whether this is intended to refer to the public defender's offices organized and operated throughout the state under Chapter 87 of Title 16 of the Arkansas Code (A.C.A. §§ 16-87-201 through 307 (Supp. 1999), and/or private attorneys participating in the public defender system. This must be clarified.
 3. An ambiguity also arises under Section 1(e), which suspends the right to use inmate labor as to "agencies . . . not in compliance with the provisions of this act, and found guilty, pleading guilty, or no contest in a court of law. . . ." It is unclear to what offense the "agency" would plead guilty or no contest, or be found guilty of violating. The proposed measure does not refer to a specific offense. I cannot determine the effect of your measure on this point.
My uncertainty as to the precise operation of your proposed act in the above respects prevents me from interjecting my own interpretation into the ballot title and popular name. My office, in the certification of ballot titles and popular names, does not concern itself with the merits of proposed measures, nor do I have any constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finn v. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title and/or popular name, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and the ballot title and popular name. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed initiated act, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title and popular name may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General